## Jenner Brewing Company's License.

*Liquor law—Brewer's license—Refusal of license—Sales to minors—Sales by retails.*

The refusal of a license to a brewing company by the lower court will not be reversed where it appears that beer was sold to a great number of minors at the brewery, although without the knowledge of the officers of the company, and against their positive instructions, that there had been a delivery of a case of beer to the home of a party who had not ordered it, that the agent of the company signed orders for prospective buyers, and that as an inducement for people to buy beer at the brewery the consumer when he went there and paid for a case or keg of beer, was given a ticket entitling him to an additional drink.

Argued May 3, 1915. Appeal, No. 201, April T., 1915, by Jenner Brewing Company, from order of Q. S. Somerset Co., February Sessions, 1915, No. 70, refusing application for a brewer's license. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Petition for brewer's license. Before RUPPEL, P. J.

440, (1915).] Assignment of Error—Opinion of the Court.

*Error assigned* was order refusing license.

*C. W. Walker,* with him *Ross R. Scott,* for appellant, cited: Com. v. Johnson, 2 Pa. Superior Ct. 317; Com. v. Junkin, 170 Pa. 194; Garbracht v. Com., 96 Pa. 449; Com. v. Hess, 148 Pa. 98.

*Chas. F. Uhl, Jr.,* with him *Chas. H. Ealy,* for appellees.—There was no abuse of discretion in refusing the license: Windberg Brewing Co.'s No. 2's License, 54 Pa. Superior Ct. 287; Moyer's App., 8 Pa. Superior Ct. 475; Indian Brewing Co.'s License, 40 Pa. Superior Ct. 72; Indian Brewing Co.'s License, 58 Pa. Superior Ct. 183.

OPINION BY TREXLER, J., July 21, 1915:

If the reasons given by the learned judge of the court below in his order refusing the license are such as show no abuse of judicial discretion, we must affirm his action. The court finds that there were sales or furnishing of liquor to minors and that these sales were made without the knowledge of the officers of the corporation and against their positive instructions, but further states that minors were permitted to go into the brewery and secure drinks and the number of minors who are shown to have gotten beer at the brewery was so great as to carry with it an implication of knowledge or of such facts as show gross carelessness in the handling of the business. The court also finds that there was delivery of a case of beer to the home of a party who had not ordered it; that the company had a system of printed orders to be signed by persons desiring beer; that these orders were as the evidence before the court indicated, invariably signed by the agent who would ascertain the name of the prospective buyer and sign the order; that as an inducement for people to buy beer at the brewery, the consumer when he went there and paid for a case or keg of beer was given a ticket entitling him to an additional drink. The appellant contends that these checks

were given simply out of good fellowship and did not constitute a sale, but the court took the contrary view and came to the conclusion that the one glass was as much a part of the purchase as the keg which the buyer carried away and that this was a violation of the Act of June 9, 1891, P. L. 257, in permitting liquors sold by the brewery to be drunk upon the premises where sold.

From the facts found as above, we cannot say the court was wrong in coming to the conclusion it did. The test as the court properly stated in its opinion is not whether the misconduct of the brewing company is such as would convict it of a violation of the liquor laws before a jury. As was said by Brother ORLADY in Indian Brewing Co. License, 58 Pa. Superior Ct. 183, "The forum is entirely different. In the one (the Quarter Sessions) guilt must be established beyond a reasonable doubt, in the other (the License Court), the question is the good-faith compliance by a licensee of a special privilege given by the court."

The facts as stated by the court in its opinion justify the conclusion reached that in the conduct and management of its business, the applicant showed its unfitness. The order is affirmed.